FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOLLY D., | No. 1:18-CV-03166-JTR |
| Plaintiff, | ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney D. James Tree represents Holly D. (Plaintiff); Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on October 27, 2014, alleging disability since October 26, 2014, due to a herniated disc in her lower back, rheumatoid arthritis, and a deteriorating spine. Tr. 70, 250. The applications were denied initially and upon reconsideration. Tr. 110-12, 118-29. Administrative Law Judge (ALJ) Larry Kennedy held a hearing on June 6, 2017, Tr. 39-67, and issued an unfavorable decision on July 5, 2017, Tr. 15-27. Plaintiff requested review from the Appeals Council. Tr. 213. The Appeals Council denied Plaintiff's request for review on June 26, 2018. Tr. 1-5. The ALJ's July 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 27, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born in 1982 and was 32 years old as of the alleged onset date. Tr. 25. She obtained her GED and attended culinary training through Job Corps. Tr. 46-47, 251. She worked as a baker, a cashier, and a waitress. Tr. 48.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at

1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

///

## ADMINISTRATIVE DECISION

On July 5, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 26, 2014, the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: rheumatoid arthritis, thoracic and lumbar spine degenerative disc disease, urologic disorder, skin disorder, and obesity. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light exertion level work with the following limitations:

> she is limited to frequent handling and fingering; she can occasionally balance, stoop, and kneel; she is limited to no climbing or crawling; and she must avoid concentrated exposure to vibration and hazards.

Tr. 20.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a pie maker, cashier, and waitress. Tr. 24-25.

Alternatively, at step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy, including the jobs of housekeeping cleaner, production assembler, and storage facility rental clerk. Tr. 25-26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 26, 2014, the alleged onset date, through the date of the ALJ's decision, July 5, 2017. Tr. 26-27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting medical opinion evidence; and (2) improperly rejecting Plaintiff's subjective statements.

## DISCUSSION

### 1. Plaintiff's subjective statements

Plaintiff contends the ALJ erred by improperly rejecting her subjective statements. ECF No. 13 at 14-20.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 19. The ALJ found Plaintiff's pain complaints to be inconsistent

with the objective medical evidence of record and found her testimony regarding urinary issues to be inconsistent with other recent statements in the record. Tr. 21-23.

The ALJ's reason for discounting Plaintiff's subjective complaints with respect to her urinary symptoms is not supported by substantial evidence. Plaintiff testified that she experienced persistent urges to relieve herself, and had to urinate once or twice an hour, depending on her liquid intake. Tr. 57. She noted her doctors were still working on finding the proper medication combination to address the problem. Tr. 58. The ALJ found Plaintiff's testimony was inconsistent with recent statements in the record indicating her urinary frequency and urgency symptoms had improved with medication. Tr. 23. However, improvement in a condition does not mean elimination of the condition. *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). The record reflects Plaintiff continued to have symptoms, despite having some relief. Tr. 636, 640. Her medications were not always effective, and thus were discontinued at times. Tr. 644, 640. Her urologist continued to adjust her medications up through the month prior to the hearing. Tr. 636. The ALJ failed to cite to any evidence that indicates any inconsistency between Plaintiff's testimony and the medical record evidence.

The only other reason the ALJ offered for discounting Plaintiff's testimony was general inconsistency with the medical record. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). "[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity

determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). The ALJ's bullet-point discussion of the medical evidence (Tr. 21-23) does not constitute a clear and convincing discussion of the reasons he found Plaintiff's pain complaints to be inconsistent with the record.

Because the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's subjective pain complaints, the decision is not supported by substantial evidence. Upon remand, the ALJ shall re-evaluate Plaintiff's testimony and reassess what statements, if any, are not consistent with the medical evidence and other evidence in the record, and what specific evidence undermines those statements.

**2.  Medical opinion evidence**

Plaintiff argues the ALJ erred by failing to properly consider the medical opinion evidence of record. ECF No. 13 at 6-14. Plaintiff specifically asserts the ALJ erred by disregarding the opinions from her treating provider Sonya Starr, ARNP, and DSHS reviewing doctor Myrna Palasi, MD. *Id.*

**A. Sonya Starr, ARNP**

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if he provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff's treating nurse, Sonya Starr, completed a medical source statement on May 8, 2015. Tr. 390-91. She opined continuing to work as a baker on a regular basis would worsen Plaintiff's back pain. Tr. 391. She further stated that it was more probable than not that if Plaintiff attempted to work a full-time schedule, she would miss work four or more days per month due to increased pain. *Id.*

The ALJ gave this opinion "slight weight," finding it to be inconsistent with objective findings and inconsistent with another treating provider's opinion. Tr. 24.

///

While consistency with the record is a factor that may be considered in assessing the weight to be given to a treating source, 20 C.F.R. §§ 404.1527(c)(4), 404.1527(f), substantial evidence does not support the ALJ's conclusion that Ms. Starr's opinion is inconsistent with the objective findings. The ALJ indicated the opinion was inconsistent with evidence in the record that Plaintiff was ambulatory during physical exams and had normal gait and range of motion in her back. Tr. 24. It is not clear that these objective findings are inconsistent with Ms. Starr's opinion. She commented only on the increased back pain Plaintiff would experience and did not state that Plaintiff was unable to walk or had limited range of motion. Therefore, the objective findings identified by the ALJ as examples of inconsistency do not actually demonstrate inconsistency with Ms. Starr's opinion.

Similarly, PAC Michael Urakawa's opinion is not inconsistent with Ms. Starr's opinion. On April 4, 2016, Mr. Urakawa noted he would not complete disability paperwork with respect to Plaintiff's back condition until she had completed a physical capacity evaluation, and he stated, "We cannot certify she cannot work the rest of her life." Tr. 532. Neither of these statements are inconsistent with Plaintiff experiencing increased pain if she attempted to work full time. Indeed, Mr. Urakawa did not comment on Plaintiff's physical capacity at all. Therefore, the ALJ's conclusion that these two opinions are in some way contradictory is not supported by substantial evidence.

The ALJ failed to offer any germane reason for discounting Ms. Starr's opinion. On remand, the ALJ will reconsider this opinion along with the entire medical record.

**B. Myrna Palasi, MD**

Plaintiff asserts the ALJ erred in rejecting the opinion of reviewing doctor Myrna Palasi, MD. ECF No. 13 at 12-14.

///

///

The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

On November 19, 2014, Dr. Myrna Palasi reviewed Plaintiff's medical records for the Washington State Department of Social and Health Services. Tr. 417. Dr. Palasi opined Plaintiff would be limited to a less than sedentary RFC. *Id.*

The ALJ gave little weight to Dr. Palasi's opinion, noting Plaintiff had only recently reestablished care following a hiatus from treatment, and that subsequent records indicated improvement in her rheumatoid arthritis symptoms. Tr. 23-24. The ALJ also noted physical exams indicated no motor weakness and intact gait, and that the opinion was inconsistent with Plaintiff's reported activities. Tr. 24.

As noted above, general consistency with the record is a legitimate factor for an ALJ to consider in weighing the reliability of a medical opinion. 20 C.F.R. § 404.1527(c)(4). An ALJ may also consider a claimant's activities in evaluating medical opinion evidence. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). However, because the claim is being remanded on other bases, the ALJ shall reconsider Dr. Palasi's opinion in evaluating the medical evidence as a whole.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall reassess the medical evidence,

reevaluate Plaintiff's subjective complaints, formulate a new RFC, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED August 7, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE